SAVOIE, Judge.
Plaintiffs Cynthia Hill Dupont, Bridgette C. Marcotte, and John Hill claim ownership of a certain tract of land over which the State of Louisiana also claims ownership. After a trial, the trial court ultimately found ownership and superior title belonged to the plaintiffs. The State now appeals. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Upon learning that a tract of immovable property over which the family claims ownership was scheduled for a Sheriff's Sale, the plaintiffs filed a Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and for Declaratory Judgment against the State of Louisiana, Department of Administration, Office of State Lands.[1] The plaintiffs asserted *508 that they own the land in question with the first link in their title tracing back to an 1833 patent from the United States to Francis M. Henderson. The plaintiffs presented certified documents from the Avoyelles Parish Clerk of Court, which they explained demonstrate the various transactions by which title to the property has changed hands since 1833 and by which the plaintiffs acquired the property. The plaintiffs further explained that they "have been in continuous actual, open, and peaceable possession of [the property] as owners since they obtained it" and provided a certified tax certificate to demonstrate that they paid the State and Parish taxes assessed on the property for the preceding three years.
In response to the petition, the trial court granted a temporary restraining order. Thereafter, the parties entered a consent judgment, which granted a preliminary injunction on the same grounds as the existing temporary restraining order pending resolution of the issue of a permanent injunction at trial. Subsequently, Stephen Mayeux petitioned to intervene "as a property owner, adjoining property of plaintiffs, whose interest in said property hs [sic] been affected by the same demands made by the State of Louisiana unto plaintiffs ... in mover's property described as a certain 3 acre, more or less, tract or parcel of land[.]" The trial court permitted Mr. Mayeux to intervene as a party plaintiff, and the matter was ultimately set for a bench trial. The State filed an answer, which stated in part that the Petition "erroneously claims title to the subject property." In the answer, the State prayed for a judgment dismissing the plaintiffs' claims and declaring title and ownership of the land in favor of the State.
In their pre-trial brief, the plaintiffs and the intervenor (hereinafter referred to collectively as the "plaintiffs") reiterated their claim that their chain of title dates back to an 1833 patent issued from the United States to Francis M. Henderson. In support, their exhibits included excerpts from the record book "General Government 2 Parish of Avoyelles[.]" In particular, the plaintiffs explain that "[t]he first transaction of record is from the United States of America to Frances [sic] M. Henderson dated November 19, 1833, [sic] bearing Certificate No. 687, conveying to him the NW4 of the NW4 of Section 36, T3N, R5E, Avoyelles Parish, Louisiana, containing 38.42 acres."[2] The plaintiffs again described and provided documentation for the various transactions that led to their acquisition of the property.
In its pre-trial brief, the State first disputed the plaintiffs' ownership and chain of title by providing a copy of excerpts from the United States Tract Book. The State asserted that "the alleged conveyance to Francis M. Henderson was posted in error" because it is accompanied by the notation "Posted in Error see T3NR5W, Vol 56, page 148[.]" The State suggested that "[t]he error appears to have emanated from a mistake between two persons with the same surname, Henderson." The State continued that "[a] review of that latterly-referenced page shows that the NW4 of the NW4 of Section 36 of T3N, R5W was conveyed to Robert M. Henderson."[3] Like the Avoyelles Parish tract book presented *509 by the plaintiffs, the entry bears a " DATE OF SALE " of November 19, 1833, and similarly shows "687" as the " NUMBER OF RECEIPT AND CERTIFICATE OF PURCHASE [.]" In their reply brief, the plaintiffs explained that the "Posted in Error" notation was done "without making the record owners of the property party to the process" and questioned the "due process owed to" them.
The State further presented a certified copy of Patent Number 1238658, in which the United States conveyed the subject tract of land[4] to the State of Louisiana on August 31, 1965. Regarding the patent introduced by the State, the plaintiffs asserted in their pre-trial brief that, when there is "a conflict of two entities or persons being granted patents on the exact same piece of property, ... the first patent would have to prevail over the second, regardless of who [sic] the second patent was made to." However, as noted by the State, the plaintiffs did not provide the purported patent from the United States of America to Francis M. Henderson upon which they base their claim.
At trial, each party stipulated to the authenticity of the other party's evidence. The trial court concluded that the plaintiffs are the owners of the subject property and have a claim of title superior to that of the State. In oral reasons for judgment, the trial court explained:
I would be very remiss if I said ... 1965 patent supreme and that ends my inquiry. I have to look to the entire facts of this case.
....
What is of great concern for this court is that ... all of these years starting in 1833 through present this track [sic] that's in dispute drew revenue for the State of Louisiana in the form of taxes ... I just think that under the circumstances equity requires this court to exercise it's [sic] authority and to find that equitable title and superior title exists in the plaintiff's [sic] title in the chain that they've presented to this court. I find them to be in good faith, present possession, and ownership of a title that they possessed which reflects in this Court's eye as being from patent through a Mr. Henderson starting in 1833. I find that the issue done by the state is done without due process of law, without any notice to the plaintiff [sic], those who were in possession who have, where I consider to be very valid claim to the property[.]
Additionally, the trial court cited case law for the proposition that "if the thing granted was not in the grantor no right has the grantee" and for the proposition that "cancellation without notice to the owner of the land ... was without due process and was invalid."
The State appeals, asserting as error that:
1. The district court erred in finding that the Appellees proved better title to the disputed property than the State.
a. The district court erred in not finding the State's U.S. patent to be the superior and conclusive evidence of legal title.
b. The district court erred in not accepting the contents of the U.S. tract book for the facts stated therein given the absence of any argument or evidence of fraud or abuse.
c. The district court erred in finding that the Appellees held "equitable title" vis-à-vis the State.
*510 2. The district court erred in making legal conclusions contrary to the controlling jurisprudence.
3. The district court erred in finding that the U.S. government's recognition of an erroneous posting in its tract book and its issuance of a patent to the State violated the Appellees' due process.
DISCUSSION
Whether the plaintiffs' copies of the Avoyelles Parish record book or the State's copy of Patent Number 1238658 is superior and conclusive evidence of title presents only a question of law. Therefore, we review this matter de novo . South Lafourche Levee District v. Jarreau , 16-788 (La. 3/31/17), 217 So.3d 298, cert. denied , --- U.S. ----, 138 S.Ct. 381, 199 L.Ed.2d 279.
The public records doctrine expresses a public policy that interest in real estate must be recorded in order to affect third persons. Louisiana Civil Code Article 3338 provides, in pertinent part:
The rights and obligations established or created by the following written instruments are without effect as to a third person unless the instrument is registered by recording it in the appropriate mortgage or conveyance records pursuant to the provisions of this Title:
(1) An instrument that transfers an immovable or establishes a real right in or over an immovable.
Francis M. Henderson acquired his title from the United States of America in 1833 as evidenced by a patent recorded in the tract book for Avoyelles Parish at the time. For the next 131 years, this ownership, through chain of title, was uninterrupted. In 1964, unbeknownst to the successors of Francis M. Henderson, the United States Tract Book was altered. A line was placed through the name of Francis M. Henderson, referencing the land at issue, with the inscription "Posted in Error" added. One year later, in 1965, the State of Louisiana applied for and received a patent deed from the United States, which included the same tract of land. It is from this patent that the State of Louisiana claims ownership of the property. However, this patent was never recorded in Avoyelles Parish, where the land is situated. According to La.Civ.Code art. 3346 :
A. An instrument creating, establishing, or relating to a mortgage or privilege over an immovable, or the pledge of the lessor's rights in the lease of an immovable and its rents, is recorded in the mortgage records of the parish in which the immovable is located. All other instruments are recorded in the conveyance records of that parish.
Because the patent was not properly recorded in Avoyelles Parish, the successors-in-title of Francis M. Henderson were unaware of the State of Louisiana's claim on the property. In fact, they continued to possess and pay the taxes on the property until such time as the property was scheduled for Sheriff's Sale. The State never asserted its claim during that time. Rather, the State now asks this court to deem it the owner of the property, even though it never asserted its rights and benefitted from the collection of taxes.
Further, in 1964, when a line was placed through the name of Francis M. Henderson, no document was attached to the United States Tract Book explaining the reason behind the error. More importantly, no notice was given to the successors-in-title of Francis M. Henderson informing them that their title to the land was voided by the United States government. The successors-in-title were not given a hearing in order to refute whatever *511 evidence the United States may have had to substantiate its claim. Amendment V of the United States Constitution guarantees that "[n]o person shall....be deprived of life, liberty, or property, without due process of law[.]" Likewise, La. Const. Art. 1, § 2 provides, "[n]o person shall be deprived of life, liberty, or property, except by due process of law." This tenet is a cornerstone of our democracy.
The State of Louisiana would like this court to declare it the owner of the tract of land based on the patent that was issued to the State by the United States in 1965. It is our opinion that this patent was issued in error because the previous title holders, the successors-in-title of Francis M. Henderson, were not afforded due process when their property was taken from them by the United States government. As such, they were still the legal title holders of the property in question.
In Albritton v. Shaw , 148 La. 427, 87 So. 32 (1921), the state supreme court was faced with the issue of competing claims over a certain tract of land. The court opined:
"There are cases,' said Chief Justice Marshall, 'in which a grant is absolutely void; as where the state has no title to the thing granted, or when the officer had no authority to issue the grant. In such cases the validity of the grant is necessarily examinable at law.' Polk's Lessee v. Wendall, [13 U.S.] (9 Cranch) 87, 99[ 3 L.Ed. 665 (1815) ]. Indeed, it may be said to be common knowledge that patents of the United States for lands which they had previously granted, reserved for sale, or appropriated, are void. Easton v. Salisbury, [62 U.S.] (21 How.) 426[ 16 L.Ed. 181 (1858) ] ; Reichart v. Felps, [73 U.S.] (6 Wall.) 160[ 18 L.Ed. 849 (1867) ] ; Best v. Polk, [85 U.S.] (18 Wall.) 112[ 21 L.Ed. 805 (1873) ]. It would be a most extraordinary doctrine if the holder of a conveyance of land from a state were precluded from establishing his title simply because the United States may have subsequently conveyed the land to another, and especially from showing that years before they had granted the property to the state, and thus were without title at the time of their subsequent conveyance. As this court said in New Orleans v. United States, [35 U.S.] (10 Pet.) 662, 731[ 9 L.Ed. 573 (1836) ] : 'It would be a dangerous doctrine to consider the issuing of a grant as conclusive evidence of right in the power which issued it. On its face, it is conclusive, and cannot be controverted; but if the thing granted was not in the grantor, no right passes to the grantee. A grant has been frequently issued by the United States for land which had been previously granted, and the second grant has been held to be inoperative."
Id. at 436 (emphasis added).
We agree. It would be a dangerous doctrine indeed. In the present case, Francis M. Henderson and his successors continually possessed and paid property taxes on the tract of land for nearly two hundred years. It would be inequitable and unconscionable to void their title and allow the State's patent to stand based on the facts before us. For the foregoing reasons, we find the plaintiffs to be the owners of the tract of land at issue.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this proceeding are assessed to the State of Louisiana.
AFFIRMED.
Amy, J., dissents and assigns reasons.
Kyzar, J., concurs in the result and assigns reasons.

The opening paragraph of the petition states that it is "[t]he petition of Cynthia Hill Dupont, Joey L. Hill, Alexis Hill Terrell and John Hill[.]" However, paragraph "1." of the petition provides that the "[p]laintiffs are Cynthia Hill Dupont, Bridgette C. Marcotte, and John Hill[.]" Additionally, the judgment of the trial court states: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the claim of the Plaintiffs herein, Cynthia Hill Dupont, Bridgette C. Marcotte and John Hill is hereby confirmed and that they are adjudged to be the owners of the property hereinabove described[.]" Accordingly, reference hereinafter to the "plaintiffs" will be to Cynthia Hill Dupont, Bridgette C. Marcotte, and John Hill.

In explaining the transaction, the plaintiffs describe the tract as "the NW4 of the NW4[.]" However, the exhibit to which the plaintiffs refer lists the tract as "N.W. ¼ N.W. ¼[.]"

In explaining the transaction, the State describes the tract as "the NW4 of the NW4[.]" However, the exhibit to which the State refers lists the tract as "NW[4] NW[4][.]"

The patent also conveyed four other tracts of land.